**Hector FARIETTA, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 83 Civ. 4040 (MJL).**

United States District Court,
S.D. New York.

May 31, 1984.

William J. Brennan, Asst. U.S. Atty. by Rudolph W. Giuliani, New York City, for defendant.

Michael Wagner, Klein, Wagner & Morris, P.C., New York City, for plaintiff.

## ORDER

LOWE, District Judge.

This Court directs that this matter be remanded to the Secretary of Health and Human Services for further proceedings in compliance with the law of the United States Court of Appeals for the Second Circuit. The opinion of the Administrative Law Judge at pages 13 and 14 states as follows:

> It is true that under court decisions in this jurisdiction, this conclusion is not a necessary one, particularly in view of the various rulings that a claimant's medical impairment may be evaluated only on the basis of subjective pain symptoms, or evaluated based upon the conclusion of a treating physician who has come to know the claimant's overall condition well over time. While that particular situation may be true, this Administrative Law Judge is bound by the rules and regulations of the Social Security Administration and only the court decisions emanating from the Supreme Court. Under the rules and regulations of the Social Security Administration, I am unable to find that the claimant is disabled based upon his reporting of pain, no matter how credible that pain reporting may be. In fact, it should be noted that under the Administration's regulations, I do not even begin to consider the issue of credibility until objective medical evidence has been brought forward, indicating some kind of medical disability which could cause the alleged symptoms. The Judge realizes that this approach may be a harsh one, particularly in the context of a case like this. Nonetheless, as harsh as the result is, under the regulations of the Social Security Administration, I am mandated to find that the claimant has not demonstrated a severe impairment in terms of his physical condition because of failure to produce any objective medical evidence indicating [the] same. As a result, the Administrative Law Judge is forced to make a findings of 'not disabled' in the context of this particular case.

This Court will deem it an act of contempt if the Secretary persists in her view as set forth in the above-quoted decision, which was affirmed by the Appeals Council.

The Secretary is hereby directed to render an opinion within thirty (30) days of receipt of this Remand Order.

It Is So Ordered.